IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * |
| --- | --- |
| v. | * |
| | * Crim. No.: PJM 90-0072 |
| FELIX ORIAKHI | * |
| Defendant | * |

## MEMORANDUM OPINION

Felix Oriakhi, by counsel and also *pro se*, has filed Petitions under 18 U.S.C. § 3582(c) to have his sentence reduced pursuant to Amendment 782 to the U.S. Sentencing Guidelines. Having reviewed the Motion, and the Government's Opposition, the Court will **GRANT** the Motion, but will only reduce Oriakhi's sentence to 360 months in custody.

### I.

On October 31, 1990, Oriakhi was convicted by a jury of one count of Conspiracy to Possess and with Intent to Distribute Heroin in violation of 21 U.S.C. § 846 and four counts of Interstate Travel in Aid of a Drug Conspiracy in violation of 18 U.S.C. § 1952. Based on a final offense level of 42 and a criminal history category of II, Oriakhi's original guideline range for custody was 360 months to life. On February 1, 1991, this Court sentenced him to 460 months incarceration.

On July 10, 2015, the Federal Public Defender filed the instant motion on Oriakhi's behalf, seeking a reduction of sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 to the Sentencing Guidelines. Counsel contends that under the Guidelines, Oriakhi's offense level should be reduced by two levels, from 42 to 40. With the same criminal history category of

-1-

II, the lower offense level would yield a guidelines range of 324 to 405 months. Counsel also requests a sentence of 324 months, at the bottom of the new guideline range. Alternatively, in a reply filed on September 25, 2015, counsel requests a sentence of 360 months, in the middle of the guideline range.

The Government consents to Oriakhi's eligibility for a two-level sentence reduction pursuant to Amendment 782, but objects to the extent of the relief sought, arguing that a sentence of 415 months is comparable to the original sentence, based on a percentage-based methodology. The United States Probation Office also recommends 415 months.

## II.

Amendment 782, effective November 1, 2014, reduced the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses by two levels. The Sentencing Committee provided that Amendment 782 would apply retroactively. U.S.S.G. §§ 1B1.10(d), (e)(1).

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's sentence after considering relevant factors under 18 U.S.C. § 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Court weighs the factors of 18 U.S.C. § 3553(a) both as to "(I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction . . . ." U.S.S.G. §§ 1B1.10, app. n. 1(B). A defendant's sentence should not be reduced "to a term that

is less than the minimum of the amended guideline range. . . ." U.S.S.G. §§ 1B1.10(b)(2)(A); see *United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010).

### III.

Oriakhi contends that a reduced sentence of 324 months, or alternatively of 360 months, is within the Court's authority and would fulfill the policy statements in U.S.S.G. § 1B1.10. He asserts that a sentence at the very bottom of the new guideline range is warranted by factors such as his advanced age (60 years), the length of time he has spent in custody (almost 26 years), his exemplary record during his time in custody, that he poses no danger to the community, and that he will likely be deported upon release.

Arguing from a percentage-based methodology, the Government submits that a reduced sentence of 415 months is appropriate, despite falling above the guideline range (324 to 405 months). Oriakhi was originally sentenced to 460 months, which the Government calculates as 128 percent of 360 months, the bottom of the original guideline range. The Government takes the position that 415 months, as 128 percent of 324 months, ensures an accurate and consistent sentence in line with the Guideline's policy statement.

The Court is not convinced that a sentence at either extreme is appropriate.

A federal court has discretion to issue a reduced sentence based on the new guidelines range, "calculated by any reasonable means, so long as it yields a new sentence congruent with the policy statements of the Guidelines." *United States v. Fennell*, 592 F.3d 506, 510–11 (4th Cir. 2010).

Although the Government's methodology would achieve a certain consistency as between Oriakhi's original sentence and the one it promotes now, the Court disagrees that it

captures the relevant policy statements of U.S.S.G. § 1B1.10. As Oriakhi points out, the Court may also consider the "nature and seriousness of the danger to any person of the community that may be posed by a reduction in the defendant's term of imprisonment . . ." as well as "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment. . . ." U.S.S.G. § 1B1.10 app. n. 1(B). The Government's methodology asks the Court to ignore everything that has occurred in the 25 years since the original sentence was imposed.

The Court finds that Oriakhi is unlikely to present a danger to the community when released. He is now 60 years old. Under the reduced sentences proposed, he will not be released for another one to eight years. He has had an exemplary record in federal custody, without a single infraction during the last fourteen years.

The Court finds these factors to mitigate in Oriakhi's favor, although not to the extent he asserts. It is nonetheless true that he originally received a sentence high in the guideline range—100 months above the low end of the range. A reduced sentence of 324 months would disregard this Court's assessment of the factors under 18 U.S.C. 3553(a) when imposing the original sentence.[1]

Accordingly, the Court grants Oriakhi's alternative request for a reduced sentence of 360 months, near the midpoint of the guideline range.

---

[1] The Court likewise rejects Oriakhi's *pro se* request for a reduced sentence of 240 months. The case on which he relies, *United States v. Jackson*, 482 F. App'x 775, 777 (4th Cir. 2012), is inapposite, because there the defendant's original sentence was lowered by a statutory maximum of 240 months. Oriakhi's statutory maximum for Count I was life imprisonment and did not impact his original sentence.

## IV.

For the foregoing reasons, Oriakhi's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c) is **GRANTED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

October 30, 2015